# United States Court of Appeals for the Fifth Circuit

————————

No. 25-50667

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2026

Lyle W. Cayce
Clerk

Shawn L. Sanders,

*Plaintiff—Appellant*,

*versus*

Anthony A. Arnold, *Bexar County District Attorney's Office*;
Brandon Tamayo, *Metropolitan Transit Police Department*,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-625

————————————————————

Before Jones, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Shawn L. Sanders seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint and the denial of his post-judgment motion. Sanders named as defendants Anthony A. Arnold of the Bexar County District Attorney's Office and Brandon Tamayo of the Metropolitan Transit Police Department. The district court determined that

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Arnold was entitled to sovereign and prosecutorial immunity and that the claims against both defendants were barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Through his IFP motion, Sanders challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

We do not consider Sanders's claims regarding the August 6, 2025 decision of an unidentified Texas agency, as they involve new facts and a new theory of relief presented for the first time on appeal. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Sanders reasserts the claim that the defendants violated his constitutional rights, but ignores, and thus abandons any challenge to, the district court's immunity and *Heck*-bar determinations. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although he attempts to incorporate by reference his district court pleadings, he may not do so. *See Yohey*, 985 F.2d at 224-25 (considering arguments abandoned if not raised in the brief and rejecting appellant's request to adopt previously filed arguments). Absent any challenge to the district court's holdings, Sanders therefore fails to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

Accordingly, we DENY the IFP motion and DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Additionally, we recognize that a prisoner may not proceed IFP in a § 1983 civil action or an appeal of a civil action if three or more of his prior civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim, "unless the prisoner is under imminent danger of serious

No. 25-50667

physical injury." 28 U.S.C. § 1915(g). Our dismissal of this appeal as frivolous therefore counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).